IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE LEON HERNANDEZ-PEREZ, #27893-480, | § § § | |
| *Movant,* | § § | |
| V. | § § | Civil Action No. SA-26-CV-2256-FB |
| | § § | Former Crim. No. SA-14-CR-916-FB-1 |
| UNITED STATES OF AMERICA, | § § | |
| *Respondent.* | § § | |

## ORDER

The Movant, a federal prisoner appearing pro se, filed a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 and supporting Memorandum following his guilty-plea conviction for conspiracy to import with intent to distribute marijuana. (ECF No. 1328). The Motion and Memorandum allege grounds of prosecutorial misconduct and ineffective assistance of counsel, including a claim that Movant's attorney, Mario A. Trevino, failed to file a notice of appeal as requested. (*Id*. at 20). The Movant alleges as follows: "Hernandez-Perez asserts that he asked Mr. Trevino, after sentencing, to file on his behalf a notice of appeal to the Fifth Circuit Court of Appeals. Mr. Trevino told Hernandez-Perez and his relatives that he was going to file the notice of appeal[,] which he never did." (Id.). The Movant provides no further details in support of this claim.

It is therefore ORDERED that:

1.       Within **thirty (30) days** of the date of this Order, the Movant shall file detailed answers, made under oath and under the penalty of perjury, to the following questions:

   a.  At any time before or after your sentencing, did you have a discussion or correspondence (written, email, text) with your attorney regarding an appeal of your conviction or sentence?

   b.  If your answer to the preceding question is "yes," state:

     i.  The date and time of the discussion/correspondence;

     ii.  The location where any discussion took place;

     iii.  The substance of the discussion/correspondence (including what specific action you instructed counsel to take, if any, regarding your appeal); and

     iv.  The names of any and all persons present during the discussion.

2.  At the time the Movant files his answers to the above questions, he must also file any affidavits and other evidence supporting his ineffective assistance of counsel claim based upon trial counsel's alleged failure to file a notice of appeal.

3.  **Failure by the Movant to respond to this order as directed will be interpreted as a failure to prosecute and result in the dismissal of the Movant's § 2255 Motion pursuant to Federal Rule of Civil Procedure 41(b)**.

4.  Within **sixty (60) days** from the date of this order, the United States Attorney, on behalf of the Respondent, shall file a response in compliance with the requirements of Rule 5(b)-(d) of the Rules Governing § 2255 Cases. Specifically, the response shall include an affidavit from the Movant's trial counsel that addresses the Movant's allegations and materials supporting his claim that counsel failed to file a notice of appeal. The Government shall further address whether an evidentiary hearing is necessary. The Government shall file the response and affidavit regardless of whether the Movant timely complies with the obligation to answer the interrogatories set forth in this order.

5.      Within **twenty-one (21) days** of the date he is served with the response, the Movant shall file a reply. The reply shall address counsel's affidavit and whether an evidentiary hearing is necessary.

6.      The Government's response, the Movant's reply, and all other documents filed or submitted to the Clerk of the Court for filing in the instant action must be served on the opposing party in accordance with Federal Rule of Civil Procedure 5. The Court will disregard any document filed or submitted to the Clerk of the Court for filing in the instant action that does not include a certificate of service.

It is so ORDERED.

SIGNED this 20th day of April, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE